CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE. VA
FILED

DEC 15 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| JOSEPH K. MILLER, | ) |
| Plaintiff, | ) Civil Action No. 5:09CV00094 |
| v. | ) **MEMORANDUM OPINION** |
| CHANTEL D. BAKER | ) |
| | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

On August 24, 2009, plaintiff Joseph Miller ("Miller") filed an action in the Circuit Court of Shenandoah County against defendant Chantel Baker ("Baker") for defamation seeking $25,000 in compensatory damages and an additional $25,000 in punitive damages. Baker subsequently filed a notice of removal under 28 U.S.C. §§ 1441 and 1446, removing the case to this court. Miller has moved to remand and seeks costs for improper removal. The court finds that the case was improperly removed because it does not meet the requirements of federal question jurisdiction under 28 U.S.C. § 1331 or of diversity jurisdiction under 28 U.S.C. § 1332 and because Baker filed her notice of removal late. The court therefore will remand the case to the Circuit Court of Shenandoah County but will retain Miller's request for costs under 28 U.S.C. § 1447(c) for further consideration.

## I.

The defamation action arises out of a traffic stop initiated by Miller, a trooper with the Virginia State Police. On December 1, 2008, Miller stopped Baker on Interstate 81 in Shenandoah County for speeding. Miller detained Baker while he checked her license and allegedly searched her car and its contents. Baker then continued on her way. The next morning,

Baker states that "as usual [she] counted and divided the money in her purse into $500 increments" and found that $500 was missing. (Defendant's Resp. ¶ 39.) Baker claims she believes Miller took the allegedly missing money. She called the Virginia State Police to report the alleged theft and to express her desire to file a discrimination complaint against Miller. Miller filed suit in the Circuit Court of Shenandoah County raising a state law defamation claim based on Baker's statements to the Virginia State Police and the ensuing investigation. Miller's complaint alleges that Baker made statements that she knew "were false, defamatory, slanderous and insulting and [that] she made them with intent to injure plaintiff's good reputation by contending he perpetrated a felony." (Plaintiff's Compl. ¶ 8.) Miller's complaint seeks $25,000 in compensatory damages and $25,000 in punitive damages.

A private process server served the complaint on Baker personally at her residence in Tennessee on October 9, 2009, and on November 12, 2009, Baker filed her notice of removal in this Court. Her notice of removal cites the presence of a federal question as the basis of jurisdiction under 28 U.S.C. § 1331, relying on her anticipated civil rights claim under 42 U.S.C. § 1983. Following removal, Baker filed her counterclaim in this court under § 1983, alleging that the December traffic stop constituted an unconstitutional detention in violation of her Fourth and Fourteenth Amendment rights. The counterclaim asserts jurisdiction on the same grounds as the notice of removal and also asserts diversity jurisdiction under 28 U.S.C. § 1332. On November 12, 2009, Miller moved to remand this case to the Circuit Court of Shenandoah County.

## II.

Miller argues that the case is not within this court's removal jurisdiction and that, in

accordance with 28 U.S.C. § 1447(c), this court should remand it to the Circuit Court of Shenandoah County. The court agrees. Removal to federal court is proper only when a case could have originally been brought in federal court. Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see 28 U.S.C. §1441(a) and (b). This requires either a federal question appearing on the face of the plaintiff's complaint or diversity of citizenship with more than $75,000 in controversy. Because there is neither a federal question appearing on the face of Miller's complaint nor the requisite amount in controversy for diversity jurisdiction, the case does not fall within the court's original jurisdiction and removal was inappropriate. Accordingly, the court will remand it to the Circuit Court of Shenandoah County.

A.

Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Except in narrowly prescribed circumstances where the complete preemption doctrine comes into play, see Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal . . . ."), "[t]he presence or absence of federal- question jurisdiction is governed by the 'well- pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). This means that the plaintiff is the "master of the claim" and may "avoid federal jurisdiction by exclusive reliance on state law" in drafting the complaint. Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Caterpillar, 482 U.S. at 392).

Consequently, federal jurisdiction may not "rest upon an actual or anticipated

counterclaim." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). If this rule did not apply to removal, "the result would be an unwarranted and nearly limitless expansion of removal jurisdiction." UTrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 690 (E.D. Va. 2006). It would allow usurpation of the plaintiff's role as master of the claim by allowing the defendant to "defeat[] a plaintiff's choice of forum, simply by raising a federal counterclaim." Holmes, 535 U.S. at 832. Here, Miller's complaint raises only a state law defamation claim, and was not subject to removal based on the federal question presented in Baker's anticipated federal counterclaim.

B.

The requirements of diversity jurisdiction under 28 U.S.C. § 1332 are equally as clear. Federal district courts have original jurisdiction in cases between "citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Once again, the plaintiff is the master of his complaint (at least to the extent that he is seeking less than the jurisdictional threshold),[1] and if he seeks less than $75,000 his suit is not within this court's diversity jurisdiction and is not removable. See Bryant Elec. Co., Inc. v. Joe Rainero Tile Co., Inc., 84 F.R.D. 120, 124 (W.D. Va. 1979) (the "court may not

---

[1] In contrast, a "good faith" rule applies to a plaintiff's assertion that the amount in controversy *meets* the jurisdictional threshold. See Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 176 (4th Cir. 2007) (stating the amount in controversy is determined from the complaint itself "unless it appears or is in some way shown that the amount stated in the complaint in not claimed in 'good faith'") (quoting Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). Under this rule, the amount the plaintiff claims in good faith controls unless "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . ." St. Paul Mercury Indem. Co., v. Red Cab Co., 303 U.S. 283, 289 (1938).

4

look to the defendant's counterclaim to establish the jurisdictional amount"); but see R. L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 2001 WL 1528458 *3 (4th Cir. Dec. 3, 2001) (recognizing that although "[t]he traditional rule has been that no part of the required jurisdictional amount can be met by considering a defendant's counterclaim . . . there are cases allowing and cases denying removal on the basis of a compulsory counterclaim") (quoting 14B Charles Alan Wright et al., Federal Practice & Procedure § 3725 (3d ed. 1998)).[2] Here, Miller's complaint seeks $25,000 in compensatory damages and $25,000 in punitive damages. Accordingly, his complaint does not raise a claim within this court's diversity jurisdiction, and the court must remand this case to the Circuit Court of Shenandoah County.

### III.

Miller also maintains that the court should remand the case because Baker filed her notice of removal late. Baker responds that her notice of removal is timely because she served it within 30 days of the date she was served with process by mailing it to the Clerk of Court on November 9, 2009, and because Rule 6(d) of the Federal Rules of Civil Procedure adds three days to the 30 day time period for removal. The Court finds that Rule 6(d) did not extend the time for Baker to file her notice of removal and that this case is subject to remand on that additional ground. The removal statute requires the notice of removal to be "filed" within 30 days of service. 28 U.S.C. § 1446(b). To be timely, therefore, Baker was required to file her notice of removal

---

[2] It has been noted by a leading treatise that the traditional rule denying removal is "sound" with respect to permissive counterclaims but may be somewhat problematic with respect to compulsory counterclaims under state law. See 14C Charles Alan Wright et al., Federal Practice & Procedure § 3725.3 (4th ed. 2009). Although the court follows the "traditional rule," Baker's § 1983 claim is not a compulsory counterclaim in Virginia. See Tyler v. Berger, 2005 WL 2596164, n.7 (W.D. Va. Oct. 13, 2005); Davis v. Marshall Holmes, Inc., 265 Va.159, 173 (2003) (dissenting) (noting "the absence of a compulsory counterclaim rule" in Virginia).

5

within 30 days, not simply serve it. A paper is filed by delivering it to the Clerk. See Fed. R. Civ. P. 5 (d). It is not deemed filed when it is mailed, and Rule 6(d) of the Federal Rules of Civil Procedure only provides for additional time for a party to act in response to service made under the provisions of (b)(2)(C), (D), (E), or (F) of Rule 5, which delineate various methods of service other than personal service.[3] Baker, however, was not served under any of those provisions but rather was served personally under Rule 5(b)(2)(A). Consequently, because Baker's notice of removal was not received by the Clerk until November 12, 2009, more than 30 days after Miller's complaint was served on her, and because she is not entitled to additional time under Rule 6(d), her notice of removal was untimely and the case is subject to remand on that ground, as well.

## IV.

Miller seeks attorney's fees from Baker under 28 U.S.C. § 1447(c) based on Baker's improper removal of the case. Although the case is remanded, the court will retain jurisdiction of the collateral issue of § 1447(c) sanctions for improper removal. Miller must provide an accounting of the costs incurred as a result of the removal, but Baker will be afforded the opportunity to respond and show cause as to why costs should not be assessed against her.

This court may retain jurisdiction after remand to consider sanctions under § 1447(c). In Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990), the Supreme Court noted that "[i]t is well established that a federal court may consider collateral issues after an action is no longer

---

[3] Baker appears to be arguing that she is entitled to three additional days based upon the mailing of her notice of removal. However, an extension under Rule 6(d) is dependent upon the method of service on that party, not that party's method of service in response. See Lewis v. School Dist. #70, 523 F.3d 730, 739-40 (7th Cir. 2008).

pending." Id. at 395. Based on this principle, "district courts may award costs after an action is dismissed for want of jurisdiction." Id. at 396. The majority of cases considering whether the principle applies to attorney's fees under § 1447(c) have concluded that it does. See, e.g., Bryant v. Britt, 420 F.3d 161, 165 (2d Cir. 2005) (holding that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has been issued); Wisconsin v. Hotline Indus., Inc., 236 F.3d 363, 364 (7th Cir. 2000) (same); Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 257 (6th Cir. 1997) (same); Williamsburg Plantation, Inc. v. Bluegreen Corp., 2007 U.S. Dist. LEXIS 8382 *6 (E.D. Va. Feb. 5, 2007) (concluding the court retained jurisdiction to consider attorney's fees under § 1447(c) following remand). Therefore, the court will retain jurisdiction over the § 1447(c) motion to consider imposing costs, pending Miller's accounting of his legal expenses and Baker's response.

### IV.

For the foregoing reasons, the court concludes that the case was improperly removed to federal court because there is no jurisdiction over Miller's claim and because Baker filed her notice of removal late. Accordingly, the court will remand the case to the Circuit Court of Shenandoah County; however, this court will retain jurisdiction over the collateral issue of sanctions under 28 U.S.C. § 1447(c) for improper removal.

**ENTER:** This 14th day of December 2009.

_____
UNITED STATES DISTRICT COURT