CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 09 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| JOSEPH K. MILLER, | ) |
| Plaintiff, | ) Civil Action No. 5:09cv00094 |
| v. | ) MEMORANDUM OPINION |
| CHANTEL D. BAKER, | ) |
| Defendant. | ) By: Samuel G. Wilson<br>) United States District Judge |

Plaintiff Joseph Miller ("Miller") originally filed this case on August 24, 2009, in the Circuit Court of Shenandoah County. Defendant Chantel Baker ("Baker") removed the case to this court on November 12, 2009. On December 15, 2009, the court granted Miller's motion to remand the case for lack of subject matter jurisdiction. This matter is currently before the court on Miller's motion for attorney's fees in connection with the removal petition pursuant to 28 U.S.C. § 1447(c). Because Baker lacked an objectively reasonable basis for seeking removal, the court grants Miller's motion for reasonable attorney's fees incurred in connection with the removal proceedings.

I.

Miller initially filed this action for defamation against Baker in the Circuit Court of Shenandoah County on August 24, 2009, seeking $25,000 in compensatory damages and an additional $25,000 in punitive damages. Baker later filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, removing the case to this court. On December 15, 2009, this court granted Miller's motion to remand the case, finding that there was no federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332. However, the court retained jurisdiction over the case for the limited purpose of deciding whether sanctions were appropriate under 28

U.S.C. § 1447(c) for improper removal. On June 28, 2010, Miller submitted a request for attorney's fees incurred in connection with Baker's removal petition.

## II.

Whether an award of attorney's fees and costs for improper removal should be granted depends on the reasonableness of the removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Under § 1447(c), a court may only award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal." Id. Bad faith is not required; fees may be awarded even if removal is sought in subjective good faith. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996); see also Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). The fact that the removing party is a pro se litigant does not prevent the court from imposing sanctions. Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 913-914 (6th Cir. 2007); Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005); but see Baby C v. Price, 138 F. App'x 81, 84-85 (10th Cir. 2005) (suggesting that the pro se status of the removing party may justify a reduction in the attorney's fees awarded).

In this case, Baker lacked an objectively reasonable basis for seeking removal. Baker's notice of removal argued that this court had jurisdiction over the case pursuant to 28 U.S.C. § 1331 on the basis of Baker's anticipated counterclaim under 42 U.S.C. § 1983. As this court stated in its opinion accompanying the remand order, "federal jurisdiction may not 'rest upon an actual or anticipated counterclaim.'" Miller v. Baker, No. 5:09cv00094, 2009 WL 4841019, at *1 (W.D. Va. Dec. 15, 2009) (quoting Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009)). This principle is well-settled and firmly established in federal law. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Thus, Baker lacked a reasonable legal argument in support of

federal jurisdiction that would justify the denial of attorney's fees in this case. Compare Branch Banking & Trust Co. v. Lochner, No. 1:09cv407, 2009 WL 1617955, at *2-3 (E.D. Va. June 9, 2009) (awarding attorney's fees when the defendant attempted to remove a case based on a federal question presented in his counterclaim), with Crawford v. C. Richard Dobson Builders, Inc., 597 F. Supp. 2d 605, 612 (D.S.C. 2009) (denying sanctions when removal was based on a reasonable argument why a non-diverse defendant was not a legitimate party).

Given the lack of an objectively reasonable basis for removal, the court finds that the award of attorney's fees is warranted in this case. The court further finds that the $700 sought by Miller to cover Miller's attorney's fees is reasonable. See Topeka Hous. Auth., 404 F.3d at 1248 (affirming the district court's determination that a $500 award under § 1447(c) as fair and reasonable). Accordingly, the court grants Miller's motion for attorney's fees incurred in connection with the removal petition.

### III.

For the foregoing reasons, the court concludes that Baker lacked an objectively reasonable basis for seeking removal to federal court, and therefore grants Miller's motion for attorney's fees incurred in connection with Baker's removal petition.

**ENTER:** This 9th day of September, 2010.

UNITED STATES DISTRICT JUDGE